UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH DEWAYNE JOHNSON,

    Petitioner,

v.                                                  Case No. 3:16-cv-884-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner Keith Johnson, an inmate of the Florida penal system, initiated this action on July 8, 2016,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Johnson challenges 2009 state court (Putnam County, Florida) judgments of conviction for trafficking in oxycodone, sale of cocaine, sale of hydrocodone, and sale of cocaine. Johnson raises one ground for relief. See Petition at 5-6.[2] Respondents have submitted a memorandum in opposition to the Petition. See Response to Petition (Resp.; Doc. 12) with exhibits (Resp. Ex.). Johnson chose not to file a brief in reply to Respondents' response. See Doc. 23. This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Equitable tolling principles also apply to the one-year limitations period. The Eleventh Circuit has explained:

> The AEDPA's one-year limitations period can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219

> F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). However, this remedy is extraordinary and is applied sparingly. Id. "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner bears the burden of showing that equitable tolling is warranted. Drew, 297 F.3d at 1286.[3] Thus, [the petitioner's] burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

Charest v. King, 155 F. App'x 494, 495-96 (11th Cir. 2005).

Respondents contend that this action is untimely. Resp. at 4-8. Johnson appears to acknowledge his Petition is untimely but argues that he is entitled to equitable tolling because his postconviction counsel failed to file his Rule 3.850 Motions quickly enough to toll the AEDPA statute of limitations. Petition at 13-14. Johnson asserts that he hired an attorney to file his Rule 3.850 Motions and that "[c]ounsel was directly responsible for observing the time clock as it ticked down on any and all deadlines (such as the Federal Timeline imposed by 28 U.S.C. § 2244(d)) while counsel was preparing the rule 3.850 [motion]." Id. at 13. Notably, Johnson states that "[c]ounsel was compensated to file a timely rule 3.850 [motion]." Id. The following procedural history is relevant to the one-year limitations issue.

In the Petition, Johnson challenges two judgments of convictions, one in case 2008-CF-2205 and another in case 2008-CF-2206. Resp. Exs. A; D. In case 2008-CF-2205, the State of Florida (State) charged Johnson by way of Information with trafficking in oxycodone (count one), sale of cocaine (count two), and sale of hydrocodone (count three). Resp. Ex. A. Johnson proceeded to a jury trial, at the conclusion of which the jury

---

[3] Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

found Johnson guilty as charged. Resp. Ex. C. In case 2008-CF-2206, the State charged Johnson by way of Information with one count of sale of cocaine. Resp. Ex. D. A jury found Johnson guilty as charged. Resp. Ex. F. On October 13, 2009, the circuit court imposed sentences in both cases. Resp. Ex. G. In case 2008-CF-2205, the circuit court sentenced Johnson to a term of incarceration of twenty years in prison, with a three-year minimum mandatory as to count one, and fifteen years in prison as to counts two and three. Id. In case 2008-CF-2206, the circuit court sentenced Johnson to a term of incarceration of fifteen years in prison. Id. The circuit court ordered all sentences to run concurrently. Id.

Johnson appealed the judgment of conviction and sentence in each case through separate appeals filed with Florida's Fifth District Court of Appeal (Fifth DCA). Resp. Exs. H; L. On June 14, 2011, the Fifth DCA per curiam affirmed the judgment in case 2008-CF-2205 without a written opinion, Resp. Ex. J, and issued its Mandate on July 6, 2011. Resp. Ex. K. On February 1, 2011, the Fifth DCA per curiam affirmed the judgment in case 2008-CF-2206 without a written opinion, Resp. Ex. N, and, on February 23, 2011, the Fifth DCA issued its Mandate. Resp. Ex. O.

Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2); therefore, Johnson's judgments and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired, ninety days after the Fifth DCA entered its opinions. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Accordingly, Johnson's judgment and sentence in case 2008-CF-2205 became final on September 12, 2011, ninety days after June 14, 2011. See id. Likewise, the judgment and

sentence in case 2008-CF-2206 became final on May 3, 2011, ninety days after February 1, 2011. See id. As such, the one-year statute of limitations for case 2008-CF-2205 expired on September 12, 2012, and the statute of limitations for case 2008-CF-2206 expired on May 3, 2012. Johnson's Petition filed on July 8, 2016, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Johnson did not properly file a state postconviction motion in either case until 2013, long after the one-year limitations period had already expired in both cases. Resp. Exs. P; Q; S. Therefore, Johnson cannot avail himself of the statutory tolling provisions of 28 U.S.C. § 2244(d)(2). See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding a state court postconviction petition filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled). Acknowledging that he cannot avail himself of statutory tolling, Johnson contends he is entitled to equitable tolling because his counsel failed to file his Rule 3.850 Motions in a timely manner so as to toll his federal statutes of limitations. Petition at 13-14. The Court disagrees.

The United States Supreme Court has stated "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007); see also Charest, 155 F. App'x at 497 (noting that the Eleventh Circuit has "considered the instant issue on numerous occasions and consistently held that equitable tolling is not justified by mere attorney negligence, where the petitioner has not exercised his own due diligence."). Therefore, postconviction counsel's failure to timely file the Rule

5

3.850 Motions does not constitute an extraordinary circumstance warranting equitable tolling. See Lawrence, 549 U.S. at 336-37; Charest, 155 F. App'x at 497. Moreover, Johnson states in his Petition that his postconviction counsel was hired to file a Rule 3.850 motion. Petition at 13. As such, his postconviction counsel had no duty to Johnson to prepare for any potential future federal habeas proceedings.

The Court further finds Johnson cannot demonstrate he exercised due diligence. In determining due diligence, a petitioner is required to exercise reasonable effort to comply with the statute of limitations. Smith v. Comm'r, Ala. Dept. of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012). Johnson does not allege in his Petition that he was unaware of the federal one-year limitation period. Petition. Nor does Johnson allege his counsel abandoned him or deliberately delayed the preparation of his Rule 3.850 Motions. Id. Additionally, the Petition and record are devoid of any facts demonstrating Johnson made any effort, reasonable or otherwise, to contact his lawyer or to independently ensure tolling of the one-year limitations period or the filing of a timely habeas petition.[4] Cf. Holland v. Florida, 560 U.S. 631, 652 (2010) (finding due diligence existed where Holland wrote numerous letters to his attorney, while repeatedly contacting the state courts, their clerks, and the state Bar Association). Indeed, Johnson provides the Court with no basis to conclude that he did not sit idly during the one-year limitations period. Accordingly, Johnson has failed to meet his burden of demonstrating that extraordinary circumstances prevented him from filing a timely petition or that he exercised due diligence in trying to

---

[4] Johnson did not provide the Court with the date he hired his postconviction counsel. Therefore, the Court cannot determine whether Johnson could have had time within the one-year limitations period and prior to hiring his counsel to make a reasonable effort to either toll the limitations period or file his habeas petition.

comply with the statute of limitations. See Charest, 155 F. App'x at 495-96; Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1210 (11th Cir. 2014) (noting that allegations in support of an equitable tolling argument must be specific and not conclusory). On this record, Johnson has not shown an equitable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Petition is due to be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## III. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Johnson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Johnson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

7

find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Johnson appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of February, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Keith Johnson, #904430
Wesley Heidt, Esq.

8